THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. LORADELE WIGGINS, Defendant-Appellant.

First District (6th Division)   No. 1—97—0961

Opinion filed April 14, 2000.

Rita A. Fry, Public Defender, of Chicago (James M. Perlman, Assistant Public Defender, of counsel), for appellant.

Richard A. Devine, State's Attorney, of Chicago (Renee Goldfarb, Veronica X. Calderon, and Mary L. Boland, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'BRIEN delivered the opinion of the court:

This court previously disposed of this case by opinion on August 17, 1998. Pursuant to a supervisory order of the supreme court, we reconsider our previous opinion in light of *People v. Cervantes*, 189 Ill. 2d 80 (1999).

Defendant, Loradele Wiggins, was charged by indictment with unlawful use of a weapon in violation of section 24—1(a)(10) of the Criminal Code of 1961 (720 ILCS 5/24—1(a)(10) (West 1992) (as amended) (the Criminal Code)). Following a bench trial, defendant was convicted and sentenced to felony probation for one year under section 24—1(b) of the Criminal Code. 720 ILCS 5/24—1(b) (West 1994). Defendant appeals.

■ On appeal, defendant contends: (1) Public Act 88—680 (Pub. Act 88—680, eff. January 1, 1995) which, among other things, amended section 24—1(b) of the Criminal Code by upgrading a conviction for unlawful use of a weapon under section 24—1(a)(10) from a Class A misdemeanor to a Class 4 felony, violated the Illinois Constitution's single subject rule (Ill. Const. 1970, art. IV, § 8(d)); and (2) she was denied effective assistance of counsel. We affirm defendant's conviction and reduce defendant's sentence from one year of felony probation to one year of misdemeanor probation.

In *Cervantes*, 189 Ill. 2d 80, the Illinois Supreme Court declared Public Act 88—680 unconstitutional as it violated the Illinois Constitution's single subject rule. Thus, defendant's first claim of error is well taken.

Next, defendant claims she was denied effective assistance of counsel because she was taking psychotropic medication during trial and her defense counsel failed to request a fitness hearing as mandated by section 104—21(a) of the Code of Criminal Procedure of 1963 (725 ILCS 5/104—21(a) (West 1994)).

■ To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-prong test of *Strickland v. Washington*, 466 U.S. 668, 686, 80 L. Ed. 2d 674, 692-93, 104 S. Ct. 2052, 2063-64

(1984), and *People v. Albanese*, 104 Ill. 2d 504, 525, 473 N.E.2d 1246 (1984). The defendant must prove that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's substandard representation so prejudiced defendant as to deny her a fair trial. *Strickland*, 466 U.S. at 687, 80 L. Ed. 2d at 693, 104 S. Ct. at 2064. To prove actual prejudice, a defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694, 80 L. Ed. 2d at 698, 104 S. Ct. at 2068; *Albanese*, 104 Ill. 2d at 525.

■ The due process clause of the fourteenth amendment prohibits the prosecution of a person who is unfit to stand trial. U.S. Const., amend. XIV; *Medina v. California*, 505 U.S. 437, 120 L. Ed. 2d 353, 112 S. Ct. 2572 (1992). Fitness "refers to a defendant's ability to understand the nature and purpose of the proceedings and to assist in the defense." *People v. Kinkead*, 168 Ill. 2d 394, 407, 660 N.E.2d 852 (1995) (*Kinkead I*). To ensure a defendant's right, the legislature has enacted statutory safeguards. Until December 31, 1996,[1] section 104—21(a) of the Code of Criminal Procedure provided that "[a] defendant who is receiving psychotropic drugs or other medications under medical direction is entitled to a hearing on the issue of his fitness while under medication." 725 ILCS 5/104—21(a) (West 1994).

The Illinois legislature amended section 104—21(a) effective December 31, 1996, to provide "[a] defendant who is receiving psychotropic drugs shall not be presumed to be unfit to stand trial solely by virtue of the receipt of those drugs or medications." 725 ILCS 5/104—21 (West 1996).

■ Neither version of this statute entitled a criminal defendant to a presumption of unfitness or automatic entitlement to a fitness hearing based solely upon her use of psychotropic drugs. *People v. Mitchell*, 189 Ill. 2d 312, 331 (2000) (*Mitchell II*) (construing pre-December 31, 1996, version), *reh'g denied* April 3, 2000; 725 ILCS 5/104—21 (West 1996) (post-December 31, 1996, version). Thus, defense counsel's failure to request a fitness hearing was not a *per se* denial of effective as-

---

[1]The legislature amended this section effective December 13, 1995, to provide "[a] defendant who is receiving psychotropic drugs under medical direction is entitled to a hearing on the issue of his or her fitness while under medication; however, no hearing is required unless the court finds there is a bona fide doubt of the defendant's fitness." 725 ILCS 5/104—21(a) (West Supp. 1995). The Illinois Supreme Court declared this version of the statute unconstitutional in *Johnson v. Edgar*, 176 Ill. 2d 499, 516, 680 N.E.2d 1372, 1380 (1997), on grounds the public act of which it was a part violated the single subject rule of the Illinois Constitution.

sistance of counsel. Rather, to prevail on an ineffective assistance of counsel claim under either version of section 104—21(a), "a defendant must show a reasonable probability that, if a section 104—21(a) fitness hearing would have been held, [she] would have been found unfit to stand trial." *People v. Mitchell*, 189 Ill. 2d at 338 (*Mitchell II*) (construing pre-December 31, 1996, version); *reh'g denied* April 3, 2000. See also 725 ILCS 5/104—21 (West 1996) (post-December 31, 1996, version). Accordingly, defendant is required to establish the existence of a *bona fide* doubt of her fitness to stand trial (725 ILCS 5/104—11(a) (West 1996)), arising not solely by virtue of the receipt of psychotropic drugs or medications, but from the defendant's irrational behavior, demeanor at trial or prior medical opinions (*People v. Eddmonds*, 143 Ill. 2d 501, 578 N.E.2d 952 (1991); *People v. Walker*, 262 Ill. App. 3d 796, 803, 635 N.E.2d 684 (1994)).

■ Here, defendant has failed to demonstrate that a pretrial fitness hearing would have resulted in a finding that her use of psychotropic drugs rendered her unable to understand the nature and purpose of the proceedings against her or assist in her defense. Indeed, the record on appeal reveals no indication that the trial court, which was in a better position to observe and evaluate the defendant's conduct, perceived anything odd or irrational about the defendant's behavior raising a *bona fide* doubt of defendant's fitness.

Because there was no automatic entitlement to a fitness hearing and because there is no indication that defendant's use of psychotropic drugs so affected her ability to meaningfully participate in her defense and cooperate with counsel as to raise a *bona fide* doubt of her fitness to stand trial, defense counsel's failure to request a fitness hearing will not support a claim of ineffective assistance of counsel. An attorney is not required to do that which is futile and which would not have affected the outcome of defendant's case.

For the foregoing reasons, we affirm defendant's conviction and, pursuant to Supreme Court Rule 615(b) (134 Ill. 2d R. 615(b)), and in light of *People v. Cervantes*, we reduce defendant's sentence from one year of felony probation to one year of misdemeanor probation.

Affirmed as modified.

BUCKLEY and O'MARA FROSSARD, JJ., concur.